Christopher N. Coyle, OSB #073501
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Bankruptcy Case Nos.: 20-31944-pcm12 (Lead Case), 20-31946-pcm12 |
|---|---|
| Alley Ranches, LLC, and Mike & JD Alley Farms, LLC, <br><br>Debtors-in-Possession | Jointly Administered Under Case No. 20-31946-pcm12 <br><br> MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS-IN-POSSESSIONS' PLAN DATED 09/25/20 |

Debtors-in-Possession, Alley Ranches, LLC and Mike & JD Alley Farms, LLC ("Debtors") by and through their attorney, Christopher N. Coyle, hereby file this Memorandum in Support of Confirmation of Debtors-in-Possessions' Chapter 12 Plan dated September 25, 2020 and represent and state as follows:

**PROPOSED ORDER CONFIRMING PLAN**

1. A Proposed Order Confirming Chapter 12 Plan and Resolving Motions ("Order Confirming Plan") is attached as **Exhibit 1**; this proposed Order Confirming Plan contains amendments to the Plan which incorporate the **DRAFT** terms of agreements/settlements reached with Helena Agri-Enterprises, LLC ("Helena") (resolving its objection (Docket #76)), CNH Industrial Capital, LLC ("CNHI") (resolving its objection (Docket #79), and Rooster Capital LLC ("Rooster Capital") (resolving its objection (Docket #80) and which are not

Page 1 of 3   MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS-IN-POSSESSIONS' PLAN DATED 09/25/20

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

adverse to the interest of any creditor or interest holder and can be deemed accepted by such parties. **The Debtors, Helena, CNHI, and Rooster Capital are still working to finalize the exact language of the Order Confirming Plan; the attachment of the draft proposed Order Confirming Plan should not be interpreted as final agreement to its terms by any of those parties.** As discussed herein, the Plan is the Chapter 12 Plan dated September 25, 2020 (Docket #60) as modified by the amendments contained in the proposed Order Confirming Plan.

## CONFIRMATION STANDARDS

2. Section 1225(a)(1) requires the Plan comply with applicable provisions of Title 11; the Plan complies with all such requirements.

3. Section 1225(a)(2) requires that any fee, charge, or amount required under chapter 123 of title 28, or by the Plan, to be paid before confirmation, has been paid; all such fees, charges, or other amounts have been paid.

4. Section 1225(a)(3) requires that the Plan has been proposed in good faith and not by any means forbidden by law; the Plan complies with this requirement.

5. Section 1225(a)(4) requires that the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of the bankruptcy code on such date; the best interest number in Debtors' cases is $0.00. Plan ¶ 2(g).

6. Section 1225(a)(5) requires that, with respect to each allowed secured claim provided for by the Plan: (1) the holder of such claim has accepted the plan; (2) the Plan provides that the holder of such claim retain the lien securing such claim and the value, as

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

of the effective date of the Plan, of property to be distributed by the trustee or the debtor under the Plan on account of such claim is not less than the allowed amount of such claim; or (3) the debtor surrenders the property securing such claim to such holder; the Plan complies with this requirement, all objections have been resolved, and all objecting parties have agreed to treatment proposed in the Plan (**pending, as indicated above, agreement to the final verbiage of the Order Confirming Plan**).

7. Section 1225(a)(6) requires that the Debtors will be able to make all payments under the Plan and to comply with the Plan; the Debtors will be able to make all payments under the Plan and will be able to comply with the Plan.

8. Section 1225(a)(7) requires that the Debtors have paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of filing of the petition if the Debtors are required by a judicial or administrative order, or by statute, to pay such domestic support obligations; this requirement is not applicable to the Debtors' cases.

9. Section 1225(b)(1) is inapplicable as all objections to the confirmation of the Plan have been resolved.

10. As demonstrated herein, the Plan complies with the requirements for confirmation under chapter 12 of the Bankruptcy Code; the Plan should be confirmed.

          Respectfully Submitted;

          VANDEN BOS & CHAPMAN, LLP

          By:/s/Christopher N. Coyle
              Christopher N. Coyle, OSB #073501
              Of Attorneys for Debtors-in-Possession

Page 3 of 3    MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS-IN-POSSESSIONS' PLAN DATED 09/25/20

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re  )
       )  Case No. _____
       )
       )  ORDER CONFIRMING CHAPTER 12
       )  PLAN AND RESOLVING MOTIONS
Debtor(s)  )

The debtor's current plan was transmitted to the appropriate creditors and after hearing upon notice, the Court found the provisions of 11 USC §1225(a) were complied with, THEREFORE IT IS ORDERED that:

1. The debtor's plan dated _____ as modified by any amendment shown in pt. 10 below, is confirmed.

2. The debtor shall incur no credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall immediately report to the trustee if actual or projected gross annual income exceeds by more than 10% the gross farming income and/or net farm income projected by the debtor in the most recently filed Exhibit D-1. Except for those amounts listed in the schedules, the debtor shall immediately report to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular farm income) or other property which exceeds a value of $2,500.00. This includes the right to disbursements from any source, including but not limited to bonuses and inheritances. Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order. The debtor shall not buy, sell, use, lease, encumber or otherwise dispose of any interest in: (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

3. During the life of the plan, the debtor(s) shall timely file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority. The debtor's failure to pay postpetition taxes and/or domestic support obligations may constitute cause for dismissal of the debtor's chapter 12 case under 11 USC §1208(c).

4. The debtor's attorney is awarded $_____, for attorney fees herein, of which $_____ has been previously paid by the debtor leaving a balance of $_____. The trustee is directed to pay any balance from sums remaining after payments under pt. 2(b) of the plan are current.

5. The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in pt. 10 below. Executory contracts and unexpired leases are assumed or rejected as provided in the plan or the modifications in pt. 10 below. The name **AND** service address for each creditor affected by this paragraph are as follows:

6. Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7. The debtor, if operating a business without a tax account, shall open a separate bank account and promptly deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

8. All payments under the confirmed plan shall be paid no later than 5 years after entry of the first order confirming a plan in this case. If all payments are not completed by that date, the case may be dismissed.

9. All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the automatic stay to effect possession and to foreclose.

10. The debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [NOTE: Debtor must INCLUDE a service address for any creditor named below]:

11. The terms of this order are subject to any objection filed within 15 days by [NOTE: Debtor must INCLUDE a service address for any affected creditor whose address is not already listed in pts. 5 or 10]:

12. The trustee is authorized to commence disbursements in accordance with the plan.

13. In the event this case is converted to one under Chapter 7 and the Chapter 12 trustee possesses funds aggregating more than $2,500.00 at the time of conversion, the trustee shall forward all such funds to the Chapter 7 trustee. In the event the funds in the trustee's possession at such time aggregate $2,500.00 or less, or in the event this case is dismissed, the trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any. Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

###

*I certify that on _____ I served this Order on the trustee for submission to the court.*

_____
*DEBTOR OR DEBTOR'S ATTORNEY*

*Approved:* _____
                    *Trustee*

Alley Ranches, LLC, and Mike & JD Alley Farms, LLC
Or Bankr. Case Nos. 20-31944-pcm12 (Lead Case), 20-31946-pcm12

## Exhibit A—Paragraph 10 Statement

Pt. 2(b)(1), Chapter 12 Plan Continuation Statement, CNH:  Strike creditor's treatment in its entirety and replace with the following:

Creditor: CNH
- Collateral: 2015 New Holland T8.435 tractor S/N ZFRE02012; 2013 New Holland T7.210 tractor S/N ZCBN24818; 2016 Trioliet 2400L mixer feeder S/N 25721; 2015 Krone ECB1000 rear mower S/N 896061; 1987 Manteca Road Runner hay squeeze S/N RRN801079J; 2016 Hart 97 auger trailer S/N IA028067; 2015 Krone ECF360C front mower S/N 917608; 2013 Tube-Line TL7800W bale wagon cart S/N 12BLT20; 2016 Landoll 1230 box scraper S/N 12B1606129; 2013 Tube-Line TL7800W bale wrapper S/N 12BLW19; 2015 Keltec KT-56 bale slicer S/N KSL1148; 2013 Husqvarna R322 zero turning radius mower S/N 0130400022; 2017 New Holland T7.245 Tractor, S/N ZHEZ02117; 2009 New Holland H9880 Hay Bale Wagon, S/N Y9G650090.
- Collateral Value: $599,803.00
- Term of Payments: 6 years
- Post-Confirmation Interest Rate: 4.25%
- Periodic Payment: See Pt. 14.

Pt. 2(b)(1), Chapter 12 Plan Continuation Statement, Conterra Ag:  Strike creditor's treatment in its entirety and replace with the following:

Creditor: Rooster Capital, LLC and/or Conterra Holdings, LLC d/b/a Conterra Ag Capital (together with each's successors and assigns) ("Rooster Capital")
- Est. Total Debt: $2,010,941.00.
- Term of Payments: 30 years
- Post-Confirmation Interest Rate: 5.25%
- Periodic Payment: See Pt. 15.

Pt. 2(b)(1), Chapter 12 Plan Continuation Statement, Helena Agri-Enterprises:  Strike creditor's treatment in its entirety and replace with the following:

Creditor: Helena Agri-Enterprises
- Est. Total Debt: $316,925.00
- Term of Payments: N/A - see Pt. 16.
- Post-Confirmation Interest Rate: 4.25%

Alley Ranches, LLC, and Mike & JD Alley Farms, LLC
Or Bankr. Case Nos. 20-31944-pcm12 (Lead Case), 20-31946-pcm12

      Periodic Payment:              N/A - see Pt. 16.

Pt. 14: Strike in its entirety; replace with "CNH is the holder of three secured claims (Claim Nos. 9, 10, and 11). Upon confirmation, CNH shall have an allowed, consolidated, secured claim in the total amount of $599,803.00 secured by the following collateral: 2015 New Holland T8.435 tractor S/N ZFRE02012; 2013 New Holland T7.210 tractor S/N ZCBN24818; 2016 Trioliet 2400L mixer feeder S/N 25721; 2015 Krone ECB1000 rear mower S/N 896061; 1987 Manteca Road Runner hay squeeze S/N RRN801079J; 2016 Hart 97 auger trailer S/N IA028067; 2015 Krone ECF360C front mower S/N 917608; 2013 Tube-Line TL7800W bale wagon cart S/N 12BLT20; 2016 Landoll 1230 box scraper S/N 12B1606129; 2013 Tube-Line TL7800W bale wrapper S/N 12BLW19; 2015 Keltec KT-56 bale slicer S/N KSL1148; 2013 Husqvarna R322 zero turning radius mower S/N 0130400022; 2017 New Holland T7.245 Tractor, S/N ZHEZ02117; 2009 New Holland H9880 Hay Bale Wagon, S/N Y9G650090; 2012 New Holland TV6070 tractor S/N RVS059769; 2014 Krone VP1800M round baler S/N 860667; 2015 Krone SW810 hay rake S/N 908721. CNH may but is not required to file an amended proof of claim reflecting its allowed, secured claim consistent with this Part and any unsecured portion of its claim after its liquidation of the collateral surrendered by debtor under Pt. 2(b)(4). "Pursuant to Section 1222(b)(9), the secured claim of CNH provided for in Paragraph 2(b)(1) above, shall be paid over an amortized term of 6 years in annual installment payments of $115,352.50, with the first installment due on March 31, 2021 and the final installment due on March 31, 2027. Payments on said secured claim during the life of the plan shall be made by the trustee as provided herein; payments on said secured claim after completion of the plan shall be made by the debtor directly to CNH. Said allowed secured claim shall be excepted from discharge pursuant to Section 1228(a)(1). Prepayment of the loan shall be permitted without any prepayment fee. Upon confirmation, the applicable loan documents (see attachments to above referenced Claims) shall be deemed modified as follows: (1) the total consolidated loan amount shall be $599,803.00, (2) the amortization and payment terms shall be as listed above in this Pt. 14, and (3) the Debtors shall both be listed as borrowers without releasing third-party co-obligors including borrowers or guarantors. Notwithstanding anything in this Part to the contrary, if the Debtors fail to receive a discharge or their case is dismissed, the total consolidated loan amount will be increased to include any remaining unsecured debt owed to CNH pursuant to the terms of the parties' pre-modified loan documents and the annual payments shall increase commensurately. In addition, the guaranty and loan documents relating to all third-party obligors (guarantors and co-borrowers) of the loans shall be deemed modified to be consistent with the loan amount and payment terms in this paragraph; provided however, that the modification of such documents is only effective upon completion of all payments provided in this Part and that any future modifications to the treatment of the allowed secured claim of CNH, including modifications to the plan under Section 1229, shall not modify the guarantee documents or the obligations of any co-obligors without the written consent of CNH."

Alley Ranches, LLC, and Mike & JD Alley Farms, LLC
Or Bankr. Case Nos. 20-31944-pcm12 (Lead Case), 20-31946-pcm12

Pt. 15: Strike in its entirety; replace with "Pursuant to Section 1222(b)(9), the secured claim of Rooster Capital provided for in Paragraph 2(b)(1) above (the "Rooster Capital Claim"), shall bear interest on the principal amount at the rate of 5.25% per annum and be paid in semi-annual payments of $65,475.82 commencing March 31, 2021, and on each successive September 30 and March 31 thereafter, until September 30, 2027, whereupon the entire unpaid balance on the Rooster Capital Claim shall be due and payable in full . The semi-annual payments on the Rooster Capital Claim during the life of the plan shall be made by the trustee as provided in its Proof of Claim (Case No. 20-31944-pcm12; Claim No. 7); semi-annual payments on the Rooster Capital Claim after completion of the plan shall be made by the Debtors directly and as directed by Rooster Capital. The Rooster Capital Claim shall be excepted from discharge pursuant to Section 1228(a)(1). Prepayment of the loan shall be permitted without any prepayment fee. Within ninety (90) days of the end of the Debtors' fiscal year, the Debtors shall provide to Rooster Capital annual financial statements (including a balance sheet) and a comparison between the Debtors' plan budget to actual income/expenditures; within 30 days of the date of their filing, the Debtors shall provide to Rooster Capital copies of tax returns for both the Debtors and its owners and principals; Judge Trish M. Brown, as settlement judge, (and, upon her retirement, such settlement judge as may be appointed) shall have authority to conclusively determine all issues arising with respect to the extent, form, and sufficiency of the requirement annual financial reporting. Within a reasonable time of confirmation of the Plan, Debtors shall acknowledge, execute and deliver a modification of deed of trust in form reasonably acceptable to Rooster Capital to extend the maturity on the loan to September 30, 2027 and Rooster Capital is granted relief from the automatic stay to record such modification of deed of trust. Upon confirmation, the applicable loan documents shall be modified consistent with the terms of the plan. Except as expressly modified by this paragraph, the applicable loan documents shall remain unchanged, in full force and effect and continue to govern and control the relationship between the Debtors and Rooster Capital.

Pt. 16: Strike in its entirety; replace with "Pursuant to Section 1225(a)(5)(c), the secured claim of Helena Agri-Enterprises provided for in Paragraph 2(b)(1) above, shall be satisfied by the structured surrender of proceeds of cattle (the Collateral) securing such claim; for the period from confirmation through March 31, 2023, the Debtor shall surrender eight percent (8%) of proceeds from Collateral and, thereafter, the Debtor shall surrender fifteen percent (15%) of such proceeds. The Debtors shall instruct purchasers to issue joint checks for the proceeds of Collateral; Helena Agri-Enterprises and the Debtor shall coordinate for the surrender of that portion of the proceeds of the Collateral as set forth above. The obligations under this paragraph shall be excepted from discharge pursuant to Section 1228(a)(1); notwithstanding any of the foregoing, Helena Agri-Enterprises retains its lien securing its secured claim. Prepayment of the loan shall be permitted without any prepayment fee. To further secure Debtors' obligations set forth herein, Debtors shall provide a security interest in the real estate in a form mutually agreeable to the parties; Judge Trish M. Brown, as settlement judge, (and, upon her retirement, such settlement judge as may be appointed) shall have authority to conclusively determine the contents and form of any security documents required by this Part. With respect to that security interest, it shall provide that (1)

Alley Ranches, LLC, and Mike & JD Alley Farms, LLC
Or Bankr. Case Nos. 20-31944-pcm12 (Lead Case), 20-31946-pcm12

Helena Agri-Enterprises shall subordinate its security interest to any refinance of the Rooster Capital Claim (as defined in Part 15) and (2) that, on or after April 1, 2023, Helena Agri-Enterprises shall subordinate its security interest to an operating line of credit not to exceed $350,000.00.

Add Pt. 17: "Notwithstanding Paragraph 4 of the Order Confirming Plan, Debtor's attorney shall seek compensation through separate Application for Chapter 12 Compensation under the procedure incorporated in LBF 1214 and by notice under LBF 1214.5."

**Exhibit A**
Page 4 of 4
**Exhibit 1 - Page 6 of 6**